1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JOSE N. BETETA,                          No.  2:22-cv-0037 CKD P

12                     Plaintiff,

13          v.                                 ORDER

14    DR. GRAY,

15                     Defendant.

16

17          Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. §

18    1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. §

19    636(b)(1) and plaintiff has consented to have all matters in this action before a United States

20    Magistrate Judge.  See 28 U.S.C. § 636(c).

21          Plaintiff requests leave to proceed in forma pauperis.  As plaintiff has submitted a

22    declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.

23    Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

24    1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

25    initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

26    Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

27    month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

28    /////

1

1  the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

2  exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3         The court is required to screen complaints brought by prisoners seeking relief against a

4  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

5  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

6  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

7  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

8         The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon

9  which relief can be granted under federal law.  Plaintiff's complaint must be dismissed.  The

10  court will, however, grant leave to file an amended complaint.

11        Plaintiff asserts that defendant Gray, a physician at High Desert State Prison, delayed

12  surgery for hemorrhoids causing plaintiff pain and limitation of daily activities.  Plaintiff claims

13  that Gray violated the Eighth Amendment.  However, the plaintiff's allegations do not amount to

14  cruel and unusual punishment, particularly as there is no indication as to how long surgery was

15  delayed by Gray.

16        If plaintiff chooses to file an amended complaint, plaintiff is informed that delay of

17  medical care can violate the Eighth Amendment.  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).

18  A violation occurs when a prison official causes injury as a result of his or her deliberate

19  indifference to a prisoner's serious medical needs.  Id.  "Deliberate indifference" includes a

20  purposeful act or failure to respond to a prisoner's pain or possible medical need.  Jett v. Penner,

21  439 F.3d 1091, 1096 (9th Cir. 2006).  Where a prisoner alleges that delay of medical treatment

22  evinces deliberate indifference, the prisoner must show that the delay caused "significant harm

23  and that defendants should have known this to be the case."  Hallett v. Morgan, 296 F.3d 732,

24  745-46 (9th Cir. 2002).

25        Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to

26  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

27  complaint be complete in itself without reference to any prior pleading.  This is because, as a

28  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

1   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

2   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

3   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

    In accordance with the above, IT IS HEREBY ORDERED that:

5       1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 5 & 8) is granted.

6       2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees

7   shall be collected and paid in accordance with this court's order to the Director of the California

8   Department of Corrections and Rehabilitation filed concurrently herewith.

9       3.  Plaintiff's complaint is dismissed.

10      4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

11  complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

12  Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket

13  number assigned this case and must be labeled "Amended Complaint."  Failure to file an

14  amended complaint in accordance with this order will result in a recommendation that this action

15  be dismissed.

16  Dated:  March 2, 2022

17  _____
    CAROLYN K. DELANEY
18  UNITED STATES MAGISTRATE JUDGE

21  1
22  bete0037.14

3