UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE N. BETETA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DR. GRAY,<br><br>　　　　　Defendant. | No. 2:22-cv-0037 DAD CKD P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. On March 22, 2022, the court screened plaintiff's amended complaint as the court is required to do under 28 U.S.C. § 1915A(a). The court found that plaintiff could proceed on a claim arising under the Eighth Amendment against defendant Dr. Gray. Defendant Gray moves for summary judgment.

I. <u>Summary Judgment Standard</u>

　　　　Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for

/////

purposes of the motion only), admissions, interrogatory answers, or other materials. . .” Fed. R. Civ. P. 56(c)(1)(A).

Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of their pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists or show that the materials cited by the movant do not establish the absence of a genuine dispute.  See Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

1 In resolving the summary judgment motion, the evidence of the opposing party is to be
2 believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the
3 facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475
4 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's
5 obligation to produce a factual predicate from which the inference may be drawn. See Richards
6 v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902
7 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than
8 simply show that there is some metaphysical doubt as to the material facts . . . . Where the record
9 taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no
10 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

## II. Plaintiff's Allegations

In his amended complaint, signed under the penalty of perjury, plaintiff alleges as follows:

1. Plaintiff saw defendant Dr. Gray for a painful internal hemorrhoid. Dr. Gray referred plaintiff to Dr. Jensen who found that surgery was required to prevent fissure or an external hemorrhoid.

2. Plaintiff was scheduled for surgery, and as he waited the pain become more severe and limited some of plaintiff's daily activities.

3. After months of extreme pain, plaintiff learned from Dr. Gray that Dr. Gray intentionally delayed surgery multiple times. After about a year with no surgery, plaintiff suffered from both a fissure and an external hemorrhoid.

## III. Medical Care Under the Eighth Amendment

A violation of the Eighth Amendment occurs if denial or delay of medical care amounts to at least deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).

A plaintiff can show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) citing Estelle, 429 U.S. at 104. "Examples of serious medical needs include '[t]he existence of an injury that a reasonable

doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) citing McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1991).

"Deliberate indifference" includes a purposeful act or failure to respond to a prisoner's pain or possible medical need. Jett, 439 F.3d at 1096. A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Furthermore, mere delay of medical treatment, "without more, is insufficient to state a claim of deliberate medical indifference." Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay caused "significant harm and that Defendants should have known this to be the case." Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); see McGuckin, 974 F.2d at 1060.

IV. Argument and Analysis

Defendant asserts that he did not violate plaintiff's Eighth Amendment rights with respect to medical care. Defendant presents evidence indicating as follows in support of his argument:

1. Between July 2019, and December 2022, defendant Gray was employed as the Chief Physician and Surgeon at High Desert State Prison (HDSP). Defendant worked primarily in an administrative capacity and was generally responsible for oversight. As part of his duties, defendant would typically be notified of requests to refer an inmate-patient to outside specialists, and was generally aware of an inmate-patient's referral to and treatment by an outside specialist. Additionally, defendant would review health care appeals that were accepted for review by the Health Care Appeals Office at HDSP and would typically be responsible for responding to those appeals at the first level of review. ECF No. 34-3 at 2.

2. Plaintiff received treatment for hemorrhoids beginning in January 2019. ECF No. 34-4 at 3-4. On at least three occasions, defendant Gray approved requests for treatment,

4

consultations, procedures, etc., submitted by other medical professionals pertaining to plaintiff. Id. at 4, 5.

3. On April 5, 2021, plaintiff reported to Dr. Stokmanis that he had painful hemorrhoids that were "coming out" with "some bleeding." Dr. Stokmanis noted that plaintiff was "doing fine throughout the course of the afternoon," and had no bleeding during the appointment. Plaintiff hoped to have surgery on his hemorrhoids that day, but Dr. Stokmanis "explained to him that the internal hemorrhoids though unpleasant and causing bleeding were not life-threatening and that we would have to proceed through the usual channels to get them treated." A surgical consultation was subsequently scheduled with Dr. Jensen for July 20, 2021. ECF No. 34-4 at 3.

4. At the July 20, 2021, surgery consult, Dr. Jensen performed an anoscopic examination, which revealed a left lateral external hemorrhoid and a posterior fissure with granulation tissue, but no internal hemorrhoids. Dr. Jensen recommended a hemorrhoidectomy to address these issues. Id. at 4.

5. On July 27, 2021, Dr. Taber requested plaintiff be scheduled for a routine priority hemorrhoidectomy with Dr. Jensen within 90 days. Two days later, Chief Medical Executive Dr. Reuter approved the request, and Dr. Jensen scheduled the hemorrhoidectomy for October 27, 2021. This was the first available appointment Dr. Jensen had. Id.

6. On October 27, 2021, Dr. Jensen successfully performed a hemorrhoidectomy on plaintiff's left lateral hemorrhoid and posterior anal fissure. On November 16, 2021, plaintiff had a follow-up appointment with Dr. Jensen, during which Dr. Jensen determined plaintiff's fissure and hemorrhoid issues were resolved. Id. at 5.

7. Defendant's only direct involvement with plaintiff's hemorrhoids issues involved review of a medical grievance accepted for review on or about May 28, 2021. Id. at 5. In the grievance, plaintiff asked that he be removed from Covid quarantine so that he could have emergency surgery. Id. at 61.

8. Defendant assisted with review of the grievance at the first level to determine whether expedited surgery was necessary. Defendant reviewed plaintiff's medical records and determined it was not medically necessary to expedite the surgery consultation or surgery. In making this

5

determination, defendant considered that, according to medical records, plaintiff did not appear to be in distress when he met with Dr. Stokmanis on April 5, 2021, Nurse Practitioner Blackmon on April 8, 2021, or Dr. Davis on May 5 and May 19, 2021.  Additionally, defendant considered that plaintiff refused to have his hemorrhoids examined on May 5, 2021.  Further, plaintiff received various prescriptions to treat his hemorrhoids until the surgery, including docusate, hydrocortisone, zinc oxide, and magnesium hydroxide to prevent constipation and reduce irritation to plaintiff's hemorrhoids.  Based on plaintiff's medical records, it was defendant's professional opinion that expediting the surgical consultation and surgery was not medically necessary.  Id. at 5-6.

The court finds that defendant presents sufficient evidence that there is no genuine issue of material fact as to whether defendant was deliberately indifferent to plaintiff's hemorrhoids as plaintiff alleges.  While plaintiff asserts that defendant's delay of plaintiff's surgery amounted to deliberate indifference, the defendant's evidence indicates that any delay possibly attributable to defendant was no more than a few months between the time defendant considered plaintiff's grievance and plaintiff's July 21, 2021 consultation with Dr. Jensen.

The detailed nature of the evidence presented by defendant, including dates and the nature of the interactions, render plaintiff's amended complaint's allegations conclusory, vague, and insufficient to create a genuine issue of material fact as to whether defendant was at least deliberately indifferent to plaintiff's hemorrhoids.  Accordingly, the burden shifts to plaintiff to establish a genuine issue of material fact in his opposition to defendant's motion for summary judgment.

Plaintiff has not carried his burden as he fails to point to any admissible evidence in his opposition, most of which is conclusory and lacking factual support, to create a genuine issue of material fact as to whether defendant was at least deliberately indifferent.  Plaintiff fails to point to any evidence suggesting that the decision not to expedite surgery was the result of deliberate indifference as nothing shows defendant had any reason to believe his decision would result in plaintiff suffering significant harm.  Of particular note, plaintiff does not provide any details regarding the condition of his hemorrhoids in the grievance reviewed by defendant, id. at 61,

limiting defendant's review of plaintiff's condition to plaintiff's medical records. Plaintiff does not point to facts suggesting that the conclusion reached based upon that review amounted to deliberate indifference.

Plaintiff does assert that defendant should have conducted a physical examination of plaintiff in conjunction with the review of plaintiff's grievance. But plaintiff does not point to anything suggesting that defendant's reliance on plaintiff's medical records was improper and plaintiff does not suggest what defendant would have learned that was different from the information included in plaintiff's medical records.

Curiously, plaintiff suggests in his opposition that he did not have issues with treatment provided by any other medical care provider concerning his hemorrhoids, only defendant Gray. ECF No. 41 at 8. Since defendant Gray's role was essentially to review the actions of the other providers, plaintiff has seemingly admitted he has no claim against defendant Gray for providing inadequate medical care.

Finally, the court notes that in his opposition, plaintiff attributes certain comments about defendant to one of defendant's coworkers, R. Miranda. This evidence is not admissible as plaintiff's statements as to what Miranda said are not made under the penalty of perjury which they must be to be considered. Even if the statements were provided to the court from plaintiff by way of a declaration, however, the statements would constitute inadmissible hearsay under Federal Rule of Evidence Rule 801.

V. Conclusion

Because there is no genuine issue of material fact as to whether defendant Gray was at least deliberately indifferent to plaintiff's serious medical needs, defendant Gray is entitled to summary judgment. Furthermore, because the facts, taken in the light most favorable to the plaintiff, do not demonstrate that defendant's conduct violated a statutory or constitutional right clearly established at the time of time of defendant's conduct, defendant is entitled to immunity under the qualified immunity doctrine. Saucier v. Katz, 533 U.S. 194, 201 (2001).

In accordance with the above, IT IS HEREBY RECOMMENDED that:

    1. Defendant's motion for summary judgment (ECF No. 34) be granted; and

    2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 12, 2024

                          /s/ Carolyn K. Delaney  
                          CAROLYN K. DELANEY  
                          UNITED STATES MAGISTRATE JUDGE

1  
bete0037.msj